# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 8, 2010        Decided January 14, 2011

No. 09-1157

MICHAEL GEORGE MANIN,
PETITIONER

v.

NATIONAL TRANSPORTATION SAFETY BOARD AND FEDERAL
AVIATION ADMINISTRATION,
RESPONDENTS

---

On Petition for Review of an Order
of the Department of Transportation

---

*Kathleen A. Yodice* argued the cause and filed the briefs for petitioner.

*Agnes M. Rodriguez*, Senior Attorney, Federal Aviation Administration, argued the cause and filed the briefs for respondent.

Before: SENTELLE, *Chief Judge*, WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: Michael George Manin petitions for review of a National Transportation Safety Board ("NTSB"

or "Board") order affirming the Federal Aviation Administration's ("FAA") emergency revocation of his airline transport pilot, flight instructor, flight engineer, and first class airman medical certificates for failure to provide correct information about his criminal history on a series of applications for renewal of his medical certificate. Because the NTSB's decision departed from agency precedent without explanation and was inconsistent with recent case law in this circuit, we vacate the Board's order and remand for further proceedings consistent with this opinion.

I.

Petitioner Michael Manin had for several years before the events under review held various FAA certificates, including a first class airman medical certificate, which is a certification by a physician that the pilot meets medical standards for aircraft operation. A first class airman medical certificate must be renewed periodically: every year for pilots under the age of 40 and every six months for pilots aged 40 and older.

The application for renewal of this medical certificate includes questions regarding the applicant's criminal history. The FAA revoked Manin's airline transport pilot certificate and his medical certificate in 1994 for intentional falsification of a medical application, after discovering that he had failed to disclose a March 1992 conviction for making a false statement on a passport application. Manin made the proper disclosure on his next application and was issued a medical certificate in February 1995. He regularly applied for and received renewals of his certificate in succeeding years.

On December 14, 1995, Manin was convicted in the Barberton, Ohio, Municipal Court of disorderly conduct, which is classified as a "minor misdemeanor" under Barberton's

municipal code. He next applied for a medical certificate on June 1, 1996. Question 18(w) on the application asks: "Have you ever had or have you now any . . . [h]istory of nontraffic conviction(s) (misdemeanors or felonies)." Manin answered "yes" and wrote "previously reported, no change." His lawyer confirmed during the administrative proceedings that this disclosure referred only to the 1992 conviction. On April 8, 1997, Manin was again convicted in Barberton Municipal Court of disorderly conduct. On subsequent medical certificate applications, Manin repeatedly failed to disclose either the 1995 or 1997 convictions.

In late 2007, the FAA discovered Manin's two disorderly conduct convictions. On June 20, 2008, it issued an emergency order immediately revoking his flight certificates and his first class airman medical certificate because of his "multiple falsifications" on airman medical certificate applications in violation of 14 C.F.R. § 67.403. Manin filed an answer to this emergency revocation order, which doubled as an administrative complaint, and in his answer he asserted the affirmative defenses that the complaint was stale under NTSB regulations and that the equitable doctrine of laches applied. He also asserted that he "belie[ved] that the disorderly charge was a minor summary offense, [and] would not have to be reported." The parties filed cross-motions for summary judgment with the ALJ assigned to hear the case. The ALJ initially denied both motions, finding that material issues of fact remained in dispute.

At a hearing before the ALJ on September 16, 2008, the FAA renewed its motion for summary judgment. The ALJ granted the motion and affirmed the emergency revocation order. Manin appealed to the full Board, which affirmed. In its opinion, the NTSB piggybacked its unelaborated rejection of his laches defense on its longer discussion of why the stale complaint rule is inapplicable, stating that the Board has "long

held that the doctrine of laches is relevant to Board cases only in the context of the stale complaint rule." *Adm'r v. Manin*, NTSB Order No. EA-5430, 2008 WL 5972912, at *3 (April 13, 2009). The Board also rejected Manin's protestations that he did not commit an intentional falsification because he did not know that he was required to report a conviction for a "minor misdemeanor." It stated that "a respondent's own interpretation of the requirements of a medical certificate" was not relevant to a determination of intentional falsity. *Id.* at *4.

Our review of the Board's opinion and order is governed by the Administrative Procedure Act, which instructs us to uphold the NTSB's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

II.

A.

Laches is "an equitable defense that applies where there is (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Pro Football, Inc. v. Harjo*, 565 F.3d 880, 882 (D.C. Cir. 2009) (internal quotation marks omitted). Manin asserted the laches defense in the administrative proceedings against him, arguing that (1) over 12 years had passed since the time of his first conviction for disorderly conduct, and (2) this passage of time prejudiced his defense, because witnesses and relevant files were no longer available and his own memory of the events in question had faded. In addition, he said, the FAA had delayed for longer than six months after discovering Manin's previous convictions before revoking his certificates. Manin also invoked the NTSB's stale complaint rule, which provides for the dismissal of a complaint stating allegations that occurred more

than six months prior to the FAA's advising the respondent of the reasons for the complaint. 49 C.F.R. § 821.33. If the complaint alleges that an airman lacks the qualifications to hold a certificate, the stale complaint rule does not apply. 49 C.F.R. § 821.33(b).

The ALJ found any delay in the FAA's commencement of its action against Manin to be "inconsequential," because the FAA "proceeded diligently" once it became aware of Manin's previous convictions. Manin challenged this decision in his appeal to the Board. The Board held that the stale complaint rule was inapplicable because under Board precedent an allegation of intentional falsification amounts to an allegation of a lack of qualifications. *Manin*, 2008 WL 5972912, at *3 (citing *Adm'r v. Brassington*, NTSB Order No. EA-5180, 2005 WL 2477524, at *6 (Oct. 5, 2005)). Stating that it had "long held that the doctrine of laches is relevant to Board cases only in the context of the stale complaint rule" – and citing three cases to illustrate its point – the Board also rejected Manin's laches defense. *Id.* at *3.

As the FAA now acknowledges, the Board's statement describing the "long held" limitation on the applicability of the doctrine of laches was simply not accurate. Board case law establishes that the laches defense may be available even when the stale complaint rule is inapplicable. "The Board has indicated on several occasions that, notwithstanding the fact that a complaint may survive dismissal under the stale complaint rule, it might still be subject to attack if an airman could establish actual prejudice in his defense which is attributable to the Administrator's delay." *Adm'r v. Wells*, 7 N.T.S.B. 1247, 1249 (1991); *see also Adm'r v. Peterson*, 6 N.T.S.B. 1306, 1307 n.8 (1989). In stating the contrary and failing to offer any explanation for its departure from its own precedent, the NTSB acted arbitrarily and capriciously. *See Ramaprakash v. FAA*,

346 F.3d 1121, 1124 (D.C. Cir. 2003) ("Agencies are free to change course as their expertise and experience may suggest or require, but when they do so they must provide a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored." (internal quotation marks omitted)).

The FAA argues that the Board's order should be affirmed despite its unexplained departure from precedent because Manin failed to establish a genuine issue of material fact concerning whether the FAA's alleged delay in revoking his certificates resulted in actual prejudice to his defense. However, we cannot affirm on that basis. It is true that the Board will not give an airman the benefit of a laches defense when he makes only "conclusory allegations . . . that delay has adversely affected [his] ability to locate witnesses or produce evidence," because such allegations are "insufficient to establish that an airman has in fact been prejudiced in defending against a charge." *Peterson*, 6 N.T.S.B. at 1307 n.8; *see also Adm'r v. Shrader*, 6 N.T.S.B. 1400, 1403 (1989) ("It is not sufficient . . . simply to claim . . . that the passage of time has or may have affected the availability of documents or witnesses or the strength of the latters' memories."). It is also true that Manin made his assertions of prejudice in vague and conclusory terms: He never identified particular people he was hoping to find or specific details he had forgotten. Nor did he explain how any people, files, or memories that he can no longer access would enhance his ability to defend against the revocation of his airman certificates. Therefore, if the Board had considered the merits of Manin's laches defense at the summary judgment stage, it may well have ruled just as it did. But, with limited exception, the law does not allow us to affirm an agency decision on a ground other than that relied upon by the agency. *See SEC v.*

*Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *America's Cmty. Bankers v. FDIC*, 200 F.3d 822, 835 (D.C. Cir. 2000).[1]

When an agency departs from its prior precedent without explanation, as the NTSB did here, its judgment cannot be upheld. "[W]e do not require an agency to grapple with every last one of its precedents, no matter how distinguishable . . . . At the same time, we have never approved an agency's decision to completely ignore relevant precedent. . . . [A]n agency's failure to come to grips with conflicting precedent constitutes 'an inexcusable departure from the essential requirement of reasoned decision making.'" *Jicarilla Apache Nation v. Dep't of the Interior*, 613 F.3d 1112, 1120 (D.C. Cir. 2010) (internal citations and quotation marks omitted). Because the NTSB incorrectly construed its own case law as allowing consideration of a laches defense only in the context of the stale complaint rule, and rejected Manin's assertion of laches on that basis, we remand to the agency for reconsideration of Manin's defense. We reiterate that we are not suggesting that the Board could not have properly reached the same conclusion on a different basis, only that we cannot accept that basis as a *post hoc* justification when the reason offered by the Board does not withstand review.

---

[1] The FAA invokes the harmless error doctrine, which derives from the APA. *See* 5 U.S.C. § 706. We have previously held that "[w]hen 'there is not the slightest uncertainty as to the outcome of a proceeding' on remand, courts can affirm an agency decision on grounds other than those provided in the agency decision." *Envirocare of Utah, Inc. v. Nuclear Regulatory Comm'n*, 194 F.3d 72, 79 (D.C. Cir. 1999) (quoting *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969)). We cast no doubt on the validity of this doctrine but find only that the FAA has not met the standard here.

B.

Manin also defended on the merits against the charge of intentional falsification.  Intentional falsification of an airman medical certificate, as prohibited by 14 C.F.R. § 67.403(a)(1), has three elements: "(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity." *Singleton v. Babbitt*, 588 F.3d 1078, 1082 (D.C. Cir. 2009) (per curiam) (quoting *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976)).  The FAA accused Manin of committing intentional falsification when he repeatedly failed to disclose his 1995 and 1997 convictions for disorderly conduct in response to the query whether he had ever had a "history of nontraffic conviction(s) (misdemeanors or felonies)."  Manin maintained that the agency failed to prove the third element of the offense.  He denied ever making a knowing and intentionally false statement, insisting that "to the best of his knowledge and belief [he] was never arrested or convicted for a non traffic Misdemeanor or Felony."  He initially argued to the agency that he believed the two convictions to be "minor summary offenses" that did not need to be reported.  (Elaborating on this defense before the Board, Manin's counsel explained that although Ohio classified disorderly conduct as a "minor misdemeanor," it would in other jurisdictions be called a "minor summary offense.").  Counsel explained further that Manin understood his offense to be "a very, very minor infraction," in a separate category from the "misdemeanors" requested on the medical certificate application.  Manin offered no further explanation as to why he believed the term "misdemeanor" did not include all "misdemeanors," including those designated as "minor."

The ALJ and the NTSB both rejected Manin's defense.  The Board, citing several cases, declared that it had "previously rejected a respondent's own interpretation of the requirements of a medical certificate."  *Manin*, 2008 WL 5972912, at \*4.  It

concluded that Manin's assertions that he believed he did not have to report the convictions did not create a genuine issue of material fact.

After the Board issued its opinion, we decided two cases emphasizing that, under Board law, "a pilot's understanding of a question is not irrelevant to whether he offered an intentionally false answer under § 67.403(a)(1)." *Singleton*, 588 F.3d at 1082; *see also Dillmon v. NTSB*, 588 F.3d 1085, 1093-94 (D.C. Cir. 2009). In *Dillmon* and *Singleton*, decided the same day, we stressed that the FAA is required to prove not only that an airman knew that he had been convicted of an offense in the past, but also that he knew that he was required to report that offense in his response to question 18(w). *See Dillmon*, 588 F.3d at 1093-94; *Singleton*, 588 F.3d at 1082. In other words, the FAA must "prove the airman subjectively understood what the question meant." *Dillmon*, 588 F.3d at 1094. Our analysis in these cases drew on the Board's own interpretation of the intent element of intentional falsification. *See id.* As we noted, the Board declared in *Administrator v. Reynolds* that a determination of whether the intent element had been met "necessarily hinged on respondent's understanding of what information the question was intended to elicit." *Id.* (quoting *Adm'r v. Reynolds*, NTSB Order No. EA-5135, 2005 WL 196535, at *4-5 (Jan. 24, 2005)).

"Having announced this interpretation of the intent element in *Reynolds*, the Board was obligated to apply it consistently." *Id.* It did not do so in Manin's case, instead treating Manin's subjective understanding of the requirements of question 18(w) as irrelevant. The FAA now argues that the decision of the Board was correct because Manin failed to offer any proof in support of his assertion that he misunderstood the question: He did not testify before the ALJ or the NTSB, and the record does not contain any statement whatsoever from Manin himself

explaining his contemporaneous understanding of the question. Because Manin did not create a genuine issue of material fact, the FAA concludes, the Board's decision should be affirmed.

We decline once again to affirm the decision of the Board on an alternate basis. *See Chenery*, 318 U.S. at 87-88. The Board rejected Manin's knowledge argument without considering the adequacy of the proof offered in its support because it incorrectly treated Manin's own interpretation of the requirements of question 18(w) as irrelevant. As our decisions in *Dillmon* and *Singleton* made clear, Board precedent requires consideration of a pilot's subjective understanding of questions on a medical certificate application. The Board's unexplained failure to adhere to this precedent renders its action arbitrary and capricious. *See Ramaprakash*, 346 F.3d at 1124. We remand to the agency for further consideration of Manin's assertion that he did not understand question 18(w) to require him to report his 1995 and 1997 convictions for disorderly conduct. As with the laches defense, we make clear that we are not rejecting the possibility of the Board employing on remand the reasoning the FAA has asserted in its briefing before us. We reject that reasoning not necessarily because it lacks merit, but because it was not relied upon in the decision under review.

### III.

We generally may not uphold agency action on a basis other than that relied upon by the agency. In affirming the revocation of Michael George Manin's airman certificates, the NTSB departed from its own precedent twice, without explanation. Accordingly, we vacate the Board's decision and remand for further proceedings consistent with Board precedent and the precedent of this Court.

*So Ordered.*