MILLETT, Circuit Judge,
concurring:
I join the opinion for the court as far as it goes. I write separately only to note that, in my view; constitutional avoidance concerns contribute measurably to my conclusion that “there is not the slightest uncertainty as to the outcome of [the] proceeding on remand,” Manin v. National Trans. Safety Bd., 627 F.3d 1239, 1243 n.1 (D.C. Cir. 2011) (internal quotation marks and citation omitted).
This case involves statements made by a miner to a miners’ representative. In the analogous context of labor law, statements made regarding unionization or union activity are protected as long as they do not include a threat of reprisal or force or a promise of benefit. See NLRB v. Gissel Packing Co., 395 U.S. 575, 616-617, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969); US Airways, Inc. v. National Mediation Bd., 177 F.3d 985, 991-994 (D.C. Cir. 1999); 29 U.S.C. § 158(c).
Statements made by a miner to a miners’- representative very likely merit similar constitutional protection in the narrow circumstances presented here. Wilson has not alleged that Browning’s statements contained any actual or implied threat (or promise). And Browning is an hourly employee with no authority to affect Wilson’s or any other employee’s work as a representative, or access to the mine,'miners, or mine records. Nor does Wilson allege that Browning’s outburst was made on behalf of or was encouraged by management or union officials. Cf. Gissel Packing, 395 U.S. at 617, 89 S.Ct. 1918 (analysis of speech’s protected content must “take into account the economic dependency of the employees on their employers” and the consequent tendency of employees “to pick up intended implications of the latter that might be *885 more readily dismissed by a more disinterested ear”). Browning was just a miner acting entirely on his own initiative and with no power other than the power of persuasion. And all he did was forcefully express to Wilson, a miners’ representative, his personal opinion that Wilson was not responsibly fulfilling his representative role.
The substantial constitutional concerns associated with an attempt to punish such conduct, combined ‘with the other factors identified in the court’s opinion, convince me that nothing could change on remand.